```
                                          FILED IN OFFICE
                                          11/27/2024 1:21 PM
                                          DEBORAH D. JACKSON, CLERK
                                          SUPERIOR & JUVENILE COURT
                                          GREENE COUNTY, GEORGIA
```

IN THE SUPERIOR COURT OF GREENE COUNTY
STATE OF GEORGIA

Mount Calvary Baptist Church

    Plaintiff,

                                Case No. SUCV2024000279

v.

Oconee Communications Co., LLC,

    Defendant

_____/

### Response

    I am Kristopher R. Kendrick, the owner of Oconee Communications Co., LLC (hereinafter "OconeeComm"), and I respond as follows:

    1.    OconeeComm is not the assignee of Briapatch Radio, Inc. (hereinafter "Briarpatch Radio").

    2.    Wyche Services Corporation (hereinafter "Wyche") is the assignee of Briarpatch Radio.

    3.    The property at issue is a radio tower under the jurisdiction of the Federal Communications Commission (FCC).

    4.    On February 28, 2005, the FCC consented to Briarpatch Radio's assignment to Wyche. See attached.

    5.    On March 1, 2002, Briarpatch Radio and Mount Calvary Baptist Church (hereinafter "MCBC") entered into a Renewed Lease Contract, that permitted unfettered rights to Briarpatch Radio to assign the lease.

    6.    The lease was assigned to Wyche.

    7.    The lease between Wyche/OconeeComm and MCBC is in effect through March 2030.

    8.    Wyche/OconeeComm has paid the agreed upon monthly lease of $678.31 to MCBC each month.

1

9.  MCBC is not due any lease payments. Accordingly, MCBC assertion that it is due back lease payments is false.

10. Wyche is an indispensable party as the assignee of Briarpatch Radio.

11. Wyche and OconeeComm currently have a lease through March 2030 with MCBC, so the allegation that the radio tower has been held beyond the lease is false.

12. OconeeComm received the summons on November 25, 2024.

13. On November 26, 2024, Wyche responded to MCBC's counsel requesting that the case be voluntarily dismissed as a lease exists through March 2030 and that federal preemption applies. Wyche indicated that if the case is not voluntarily dismissed that the matter will be removed to U.S. District Court.

14. MCBC asks the Court to take possession of a radio tower. This the Court cannot do, because the transfer of the radio tower is under the authority of the FCC pursuant to the Communications Act of 1934.

15. Wyche and OconeeComm have thirty days from November 25, 2024 to remove the action to U.S. District Court.

Wherefore, as the owner of OconeeComm I request that the above captioned case be dismissed as a lease exists for the property that has not expired, all rents due under the lease have been tendered to MCBC and the FCC has exclusive jurisdiction over the control of the radio tower, or in the alternative to continue the matter for forty-five (45) days to permit Wyche to have local counsel remove the above captioned case to U.S. District Court for Wyche and/or OconeeComm.

Respectfully submitted this 27th day of November 2024,

_____
Kristopher R. Kendrick, Owner of OconeeComm

I hereby certify that a copy has been mailed to Albert A. Myers, III on this same day via U.S. Mail to 884 Green St SW, Conyers, Georgia 30012.

_____
Kristopher R. Kendrick



**UNITED STATES OF AMERICA**
**FEDERAL COMMUNICATIONS COMMISSION**
**WASHINGTON, D.C. 20554**

(FOR CHIEF, AUDIO DIVISION, MEDIA BUREAU)

DATE: 02/28/2005

| [X] CONSENT TO ASSIGNMENT: | FROM: BRIARPATCH RADIO INC. |
| [ ] CONSENT TO TRANSFER: | TO: WYCHE SERVICES CORPORATION |

Licensee/Permittee:
(for transfer only)

| CLASS | CALL SIGN | FACILITY ID | FILE# | STATION LOCATION | AUXILIARY STATIONS |
|---|---|---|---|---|---|
| FM | WDDK | 6798 | BALH-20041216ABC | GREENSBORO, GA | ALL CURRENTLY AUTHORIZED AUXILIARY STATIONS |

Under authority of the Communications Act of 1934, as amended, the consent of the Federal Communications Commission is hereby granted to the transaction indicated above.

The Commission's consent to the above is based on the representations made by the applicants that the statements contained in, or made in connection with, the application are true and that the undertakings of the parties upon which this transaction is authorized will be carried out in good faith.

The actual consummation of voluntary transactions shall be completed within 90 days from the date hereof, and notice in letter form thereof shall promptly be furnished to the Commission by the seller or buyer showing the date the acts necessary to effect the transaction were completed. Upon furnishing the Commission with such written notice, this transaction will be considered completed for all purposes related to the above described station(s).

FCC Form 323, Ownership Report, must be filed within 30 days after consummation, by the licensee/permittee or assignee.

ADDITIONAL REQUIREMENTS FOR ASSIGNMENTS ONLY:

Upon consummation the assignor must deliver the permit/license, including any modifications thereof to the assignee.

It is hereby directed that, upon consummation, a copy of this consent be posted with the station authorization(s) as required by the Commission's Rules and Regulations.

The assignee is not authorized to construct nor operate said station(s) unless and until notification of consummation in letter form has been forwarded to the Commission.

FILED IN OFFICE
11/27/2024 1:21 PM
DEBORAH D. JACKSON, CLERK
SUPERIOR & JUVENILE COURT
GREENE COUNTY, GEORGIA

# CERTIFICATE OF SERVICE

Case No: __2024 CV-279__

This is to certify that I have this date served a file stamped copy of the within & forgoing

__Response__

upon all parties to the above styled civil action, by placing same in the U.S. mail with adequate postage affixed, addressed as follows:

Hon. Albert A. Myers

884 Green St, SW

Conyers, GA 30012

This __27th__ day of __November__, 20__24__.

_____
Plaintiff/Defendant Pro Se